Submitted October 26, Case Number A138520, Case Number A138625, and Case Number A138626 reversed and remanded November 25, 2009, petition for review dismissed March 9, 2010 (348 Or 71)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GADEN CARMEN MONTOYA,
*Defendant-Appellant.*

Washington County Circuit Court
C072850CR, D062606M, C051246CR;
A138520 (Control), A138625, A138626

221 P3d 833

Peter Gartlan, Chief Defender, Appellate Division, and Ryan T. O'Connor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Samuel A. Kubernick, Assistant Attorney General, filed the brief for respondent.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

PER CURIAM

**PER CURIAM**

In this consolidated appeal, defendant appeals from a judgment convicting him of possession of methamphetamine (Case Number A138520) and two judgments revoking his probation in other cases (Case Numbers A138625 and A138626). He assigns error to the denial of his motion to suppress evidence obtained after a police officer stopped him for bicycling without a visible light, a traffic violation. Defendant argues that the officer unlawfully expanded the scope of the traffic stop in violation of Article I, section 9, of the Oregon Constitution by asking him if he was on probation and by requesting consent to search without reasonable suspicion of criminal activity. He also claims that the officer violated his rights under the Fourth Amendment to the United States Constitution by exceeding the subject matter of the lawful traffic stop.

The state agrees that, under this court's decisions in *State v. Kirkeby*, 220 Or App 177, 185 P3d 510, *rev allowed*, 345 Or 301 (2008), and *State v. Rodgers*, 219 Or App 366, 182 P3d 209, *rev allowed*, 345 Or 301 (2008), the trial court should have granted defendant's motion to suppress. We agree that *Rodgers* and *Kirkeby* are controlling and that, under those decisions, the trial court erred. We thus need not consider defendant's argument under the Fourth Amendment.

Because it appears that defendant's conduct that resulted in his conviction for possession of methamphetamine in Case Number A138520 also formed the basis for the trial court's finding that defendant violated his probation in Case Numbers A138625 and A138626, the probation revocation judgments in those cases must also be reversed and remanded to the trial court for reconsideration in light of the reversal of defendant's conviction in Case Number A138520. *State v. Huggett*, 228 Or App 569, 578-79, 209 P3d 285 (2009).

Case Number A138520, Case Number A138625, and Case Number A138626 reversed and remanded.